# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-040 |
| | ) | |
| WILLIAM N. BOWMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Charles Anthony Willis has filed this 42 U.S.C. § 1983 Complaint concerning the conditions of his former[1] confinement at Liberty County Jail. *See generally* doc. 1. The Court granted him leave to proceed *in forma pauperis* and screened his Complaint. Doc. 6. Because he failed to state any claim upon which relief could be granted, the Court directed him to amend. *See id.* at 6. He has complied. Doc. 7.

---

[1] Although Willis does not expressly allege his release from Liberty County Jail, he has provided the Clerk with a private address in Charlotte, North Carolina. *See, e.g.,* doc. 1 at 7. Since it does not appear that Willis was incarcerated when he filed the Complaint, it is not subject to the provisions of the Prison Litigation Reform Act. *See, e.g.,* 28 U.S.C. § 1915A(a); *Maciejka v. Williams*, 2018 WL 3615177, at *1 (S.D. Fla. July 27, 2018) (citation omitted) (Section 1915A "defines the term 'prisoner' in relevant part as 'any person incarcerated or detained in any facility.' [Cit.]. The plaintiff was not a prisoner when he filed the present suit. Therefore, § 1915A does not apply.").

1

The Court must, therefore, screen his Amended Complaint. *See* 28 U.S.C. § 1915(e).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Willis' Amended Complaint asserts claims against defendants Bowman and Krumnow in their supervisory capacities. *See* doc. 7 at 12. He states that Bowman is allegedly liable "based on Liberty County Commissioner policy." *Id.* He alleges Krumnow is liable for "failure to train [the other defendants] to respond to life endangerment incident [sic]." *Id.* Those claims are derivative of claims arising from an attack by other inmates. Willis alleges that he was attacked on November 3, 2022. *Id.* at 13. He does not identify his attackers but points out their "names are listed in [his] previous claim." *Id.* at 13; *see also* doc. 1 at 4. He alleges that he reported the attack to unidentified staff, "but no one responded for approximately fifteen minutes." *Id.* When defendants Brown and "Will"[2] took him to the "medical ward," for treatment for "bruses [sic], neck injuries, knee injuries, nose bleeds, and back injuries." *Id.* He alleges that Krumnow "upgraded the video surveillance system in [the dorm]" in response to the incident. *Id.*

A § 1983 plaintiff must demonstrate either that each individual defendant directly participated in the alleged constitutional deprivation

---

[2] It appears that "Will" is a pseudonym. *See* doc. 7 at 12. Although it is not entirely clear, the Court assumes that "Will" is the defendant's first name. *See id.* (identifying the defendant as "Sgt Will (John Doe)").

or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam) *superseded in part on other grounds as stated in Harrigan v. Metro Dade Police Dept.*, 977 F.3d 1185, 1192 (11th Cir. 2020). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985). The supervisor's knowledge only amounts to deliberate indifference to the asserted harm or risk where his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." *Tittle v. Jefferson Cnty. Comm'n*, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J. concurring). Willis' Amended Complaint does not allege any fact that even suggests any policy failure leading to the events at issue or that Bowman or Krumnow were deliberately indifferent. His claims against them, in their supervisory capacities, should, therefore, be **DISMISSED**.

To the extent that Willis asserts Krumnow's liability for her failure to train her subordinates as a distinct claim, it also fails.  In order to prevail on a failure-to-train claim, a plaintiff must establish that the supervisors had a policy of failing to train or supervise employees and that this policy caused their employees to violate his constitutional rights.  *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (discussing municipal liability in the context of a failure to train or supervise claim); *see also West v. Tillman*, 496 F.3d 1321, 1331 & n. 16 (11th Cir. 2007) (citing *Gold* in the context of a failure-to-train claim directly targeting specific supervisors).  Absent any express written or oral policy encouraging the violation of a detainee's rights (which plaintiff has not alleged), he is required to plead facts demonstrating that the supervisor's failure to train amounted to deliberate indifference to his rights.  *See Gold*, 151 F.3d at 1350; *see also Battiste v. Sheriff of Broward County*, 261 F. App'x 199, 202 (11th Cir. 2008) (per curiam) ("A supervisory official is liable under § 1983 when 'his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the

injury of which the plaintiff complains.'" (*quoting Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994))).

A plaintiff can meet this standard by showing that "the need for more or different training is obvious, such as when there exists *a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and when the failure to train is likely to result in the violation of a constitutional right.*" *Belcher*, 30 F.3d at 1397-98 (discussing failure to train claims at the summary judgment level) (internal citations omitted) (emphasis added); *see Cottone v. Jenne*, 326 F.3d 1352, 1360-62 *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010) (explaining that at the pleading stage, plaintiff must offer some facts supporting the causal connection between the supervisor and the alleged violator, including, *inter alia*, facts showing widespread abuse which put the supervisor on notice of an ongoing problem or a custom or policy resulting in such violations). Alternatively, he may do so "in a narrow range of circumstances" where there is no pattern of violations, but the failure to train was *obvious* and led to the "highly predictable" violation of plaintiff's constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 64 (2011). Willis' conclusory

allegation that Krumnow failed to train other employees comes nowhere near alleging those facts. His failure-to-train claim against Krumnow should, therefore, be **DISMISSED**.

The focus of Willis' factual allegations is the attack he suffered. Those allegations implicate a claim that defendants Brown and "Will" failed to protect him or failed to intervene to stop the attack. The Court's prior Order explained the standard required to plead a failure-to-protect claim. *See* doc. 6 at 4-5. His Amended Complaint clarifies that he was a pretrial detainee when the assault occurred. *See* doc. 7 at 4. A pretrial detainee's failure-to-protect claims are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See, e.g., Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). "However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Id.* As before, Willis' failure to allege that the inmates who attacked him posed any particular threat, much less that Brown or "Will" knew about one, is fatal to his failure-to-protect claim. *See, e.g., Goodson v. Benton*, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) (citations omitted) ("Prisons are dangerous places because they are

7

filled with people society has already deemed too dangerous to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounding by these people. [Cit.] In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger."). His failure-to-protect claim should, therefore, be **DISMISSED**.

His allegations concerning the delay between his report of the attack and officers' arrival implicates a failure-to-intervene claim. A plaintiff asserting a failure-to-intervene claim must show that (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. *Johnson v. Boyd*, 568 F. App'x 719, 724-25 (11th Cir. 2014). Liability attaches only if the officer "was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff." *Smith v. Andrews*, 2016 WL 6818755 at *4 (S.D. Ga. Nov. 16, 2016). Willis' allegation that he "verbally requested through (inmate to staff) emergency communication system[ t]hat he was assaulted . . .," doc. 7 at 13, does not allege that either Brown or "Will"

8

had subjective knowledge of the assault or that they were in a position to intervene.  Willis' failure-to-intervene claim should, therefore, be **DISMISSED**.

Willis has now had an opportunity to amend his Complaint.  *See* docs. 7; *see also Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)).  Since, despite that opportunity, his Amended Complaint fails to state any claim upon which relief may be granted, it should be **DISMISSED**.  28 U.S.C. § 1915(e)(2)(B)(ii).  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 30th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA