IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHARLES ANTHONY WILLIS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-40 |
| v. | |
| WILLIAM N. BOWMAN, et al., | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's March 30, 2023, Report and Recommendation, (doc. 8), to which plaintiff has filed an objection, (doc. 13). Since Willis' Objection is insufficient for multiple independently sufficient reasons discussed below, the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 8). Plaintiff's Amended Complaint is **DISMISSED**. (Doc. 7.) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

The clearest defect in Willis' Objection is that it is untimely. The Report and Recommendation, consistent with the applicable statutes and Federal Rule of Civil Procedure, informed Willis that objections were due "[w]ithin 14 days of service . . . ." (Doc. 8, p. 9); see also 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(2). The Magistrate Judge subsequently granted Willis' request for an extension of that deadline. (Doc. 10.) The Magistrate Judge directed him to file any objections no later than April 27, 2023. (Id.) Willis' Objections were not filed until May 4, 2023.[1] (Doc. 13.) The Court has no obligation to consider untimely

---

[1] The Court can discern no applicable rule that would alter the deadline set by the Magistrate Judge. First, Willis cannot benefit from the additional three days provided by Rule 6(d) because the Order set a date

objections.  See Shaffer v. Colvin, 2015 WL 195990, at *1 n. 1 (S.D. Ga. Jan. 14, 2015) (Hall, J.); see also Darby v. South Carolina, 355 F. App'x 751, 751 (4th Cir. 2009) ("The district court was under no obligation to consider [party's] objections because they were untimely.").

Although the Court is not obligated to consider Willis' untimely Objection, it is substantively meritless.  Willis does not identify any defect in the Magistrate Judge's analysis of his claims.  (See generally doc. 13.)  Instead, he attempts to bolster the factual allegations supporting those claims.  The Magistrate Judge's Order directing Willis to amend his Complaint explained that both his failure-to-protect claims and his assertion of supervisory liability for that failure required allegations of defendants' subjective knowledge.  (See doc. 6, pp. 3-6.)  The Report and Recommendation explained that his Amended Complaint failed to plead facts that supported any defendant's deliberate indifference, as required by the various theories of liability implicated.  (See doc. 8, pp. 3-8.)  It also explained that Willis failed to allege the subjective awareness and ability to intervene required for a failure-to-intervene claim.  (Id., pp. 8-9.)  Rather than pointing out allegations omitted or misconstrued in the Magistrate Judge's analysis, Willis' Objection simply adds factual allegations.  (See doc. 13, pp. 2-4.)  Attempts to amend pleadings in objections are ineffective.  Cf. Lorton v. Wainwright, 2022 WL 2803195, at *6 (N.D. Ohio July 18, 2022) ("Without a pending motion for leave to amend, the Court has no application to consider, and such a free-standing request [in objections to a magistrate judge's report and

---

certain for his compliance, and not a period calculated from the date of service.  *See* Fed. R. Civ. P. 4(d); see also, e.g., Martin v. Vigil, 2021 WL 1256154, at *2 n. 2 (D.N.M. Apr. 1, 2021) ("Because [the magistrate judge] specified a date certain for the filing . . ., the 'extra-three-day-rule' for mailings required by Federal Rule of Civil Procedure 6(d) does not apply here." (citation omitted)).  Since Willis is not incarcerated, (see, e.g., doc. 1, p. 1 n. 1; doc. 8, p. 1 n. 1), he is not entitled to the benefit of a "mailbox rule."  See Williams v. McNeil, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Jacobs v. Clayton Cnty. Solicitor Gen. Office, 685 F. App'x 824, 826 (11th Cir. 2017) ("Although a 'mailbox rule' . . . applies to pro se prisoners, such a rule has not been extended to other pro se litigants, who are expected to comply with all procedural rules." (citation omitted)).

recommendations] is not itself a motion to amend and not procedurally proper." (citations omitted)); Young v. Rios, 2018 WL 2079509, at *2 n. 2 (W.D. Okla. May 4, 2018) ("An objection to a Report and Recommendation is . . . not the correct forum to request leave to amend."). Those additional allegations cannot correct the defects identified in the Report and Recommendation.

Finally, even if Willis' additional allegations were not untimely and procedurally improper, they would be insufficient to support his claims. Some of his additional allegations are simply unclear. He cites to a Georgia statute requiring "a full-time jailer on duty," suggesting that he alleges that statute was violated, but then alleges that "only one jailer" was on duty during the time he was attacked. (Doc. 13, p. 2 (citing O.C.GA. 42-4-31(b)) (emphasis added).) Other allegations are wholly conclusory. He states that despite being "in a position to intervene," in the attack, defendant Brown failed to do so. (Id.) However, he never explains the basis for his contention that Brown was in such a position. (See id., pp. 2, 4 ("Liability does attached to shift leader Sgt. Brown only because he was physically able had a realistic chance to intervene act in time to protect the inmate from violent inmates he had time stop the assault." (unedited)). He alleges that he complained about the inmates who attacked him, but is silent on the substance of those complaints. (Id.) Even if the Court considered the additional allegations in Willis' Objection, they amount to no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [and] do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Magistrate Judge correctly determined that Willis' Amended Complaint failed to state a claim upon which relief could be granted. (Doc. 8, p. 9.) Willis' untimely Objection does not dispute that conclusion; instead, it impermissibly seeks to amend his pleading by supplementing its allegations. (See generally doc. 13.) Even if the Court overlooked both the Objection's

untimeliness and procedural impropriety, the additional allegations it includes would not suffice to state any claim. Accordingly, Willis' Objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**, (doc. 8), as the Court's opinion. Willis' Amended Complaint, (doc. 7), is **DISMISSED**. 28 U.S.C. § 1915(e)(2)(B). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 10th day of May, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA